UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:25-CV-200-CRS

UNITED STATES OF AMERICA                                                                        PLAINTIFF

v.

JOHN RUSH, M.D., *et al*                                                                             DEFENDANTS

## OPINION AND ORDER

This is primarily a False Claims Act case. The United States has sued Dr. John Rush and several associated business entities based on allegedly false and fraudulent claims submitted to Medicare. Complaint, DN 1, at ¶ 1. The allegedly false claims relate to services provided to Medicare beneficiaries who suffer from knee osteoarthritis. *Id.* at ¶ 2. This matter is currently before the Court on the United States' Motion to Strike several affirmative defenses from the defendants' Answer. In response to the Motion, the defendants filed an Amended Answer. They also filed a Response, contending that the Amended Answer moots the Motion. The United States agrees that, with one exception, the Amended Answer moots the Motion. The exception is a statute-of-limitations defense, presently the defendants' second affirmative defense.

That affirmative defense reads as follows:

> 2. Plaintiff's claims against the Defendants are barred, either in whole or in part, by the applicable statute of limitations to the extent Plaintiff's causes of action and claims for relief are based on information in records and claims submitted by Defendants to Plaintiff and/or its authorized agents or representatives prior to April 15, 2019.

Amended Answer, DN 23, at PageID# 588. The United States maintains that this defense should be stricken as insufficient because its False Claims Act (the "FCA") case is based on claims that were submitted no earlier than April 15, 2019 and thus fall within the FCA's six-year statute of

limitations. Memorandum of Law in Support of Motion, DN 213-1 at PageID# 477.[1] Thus, according to the United States, the statute-of-limitations defense cannot succeed as a matter of law and should be stricken as a result. Reply, DN 27, at PageID# 810. The defendants do not dispute the timeliness of the United States' FCA case. Instead, they argue that their statute-of-limitations defense should nonetheless stand as a bar against the introduction or use of "prior acts" that occurred before April 15, 2019:

> In essence, Defendants' revised Affirmative Defense seeks . . . to ensure that Defendants [sic] objection to the use of or introduction of "prior acts" that the government admits are outside the scope of the Complaint, . . . and/or conduct prior to April 15, 2019, is not injected into these proceedings in part because to do so would, in essence, permit Defendants to be judged based on conduct, [that] would render the statute of limitations a nullity.

Response, DN 25, at PageID# 599 (citation omitted). Yet, a statute-of-limitations defense does not result in the *per se* exclusion of evidence as to conduct that occurred prior to the date which determines whether a claim is timely or stale. The United States is correct on this point. Reply, DN 27, at PageID# 809 (citing *Black Law Enf't Officers Ass'n v. City of Akron*, 824 F.2d 475 (6th Cir. 1987) (statute-of-limitations is a defense, not a rule of evidence; thus, it has no bearing on admissibility of evidence)). For this reason, the defendants' argument does not provide a proper ground on which to permit its statute-of-limitations defense to stand.

At the same time, the Complaint does not rest on any allegedly false or fraudulent claims submitted before April 15, 2019. Complaint, DN 1, at ¶ 7. Thus, all of the submissions on which the FCA case is based fall within the FCA's six-year statute of limitations – a fact to which both sides agree here. Consequently, given this current status, a statute-of-limitations defense is

---

[1] The parties are directed to Local Rule 7.1 which governs the filing of motions in this Court. The Rule does not contemplate the filing of a Motion and a separate Memorandum of Law in Support. Instead, the Rule contemplates a single document, limited to twenty-five (25) pages. Any future motions should comport with Local Rule 7.1 so as to avoid arguments about whether the page limitation has been exceeded.

2

immaterial. It has no relation to the FCA controversy in this case. Thus, striking it is appropriate. *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953) (motion to strike should only be granted when pleading has no possible relation to controversy). Accordingly, the second affirmative defense in the Amended Answer (DN 23) will be stricken. Should the United States later seek to pursue a judgment based on claims that were submitted prior to April 15, 2019, the defendants may seek leave to amend their answer or file a motion for summary judgment.

Accordingly, the United States' Motion to Strike **(DN 23)** is **GRANTED in part** and **DENIED in part**. The Motion is **denied as moot with respect to** the First, Second, Fifth, Seventh, Eighth, Ninth, Twelfth, and Thirteenth Affirmative defenses which appeared in the Answer and it is **also denied as moot with respect to** those defenses which appeared in the Answer's Fourth Affirmative defense but which do not appear in the Amended Answer. The Motion **is granted with respect to** the statute-of-limitations defense which formerly appeared in the Answer's Fourth Affirmative Defense and which now constitutes the second affirmative defense in the Amended Answer. As a result, Affirmative Defense No. 2 in the **Amended Answer (DN 24) is hereby stricken**.

The Court is expressing no opinion as to whether conduct or events which occurred prior to April 15, 2019 constitute evidence that would be admissible at any trial of, or other proceeding in, this action. This Order shall not be construed as barring later arguments by the defendants as to the admissibility of such evidence. Nor shall this Order be construed as rendering, expressly or impliedly, an opinion as to the admissibility of such evidence.

**IT IS SO ORDERED**.

November 19, 2025



Charles R. Simpson III, Senior Judge
United States District Court